IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT JOE HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–202–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Robert Joe Harden (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-one years old at the time of the administrative hearing. (Tr. 1083). He possesses at least a high school education. (Tr. 1069). He has worked as a machine-shop supervisor, material handler, forklift operator, and welder's helper. (Tr. 1068). Claimant alleges that he has been unable to work since May 23, 2013,[2] due to limitations resulting from "failed lower back surgery," pain and deterioration in hips; arthritis in spine, hips, knees, hands, and wrists; chronic exhaustion; and inability to lift and bend (Tr. 1123–1124).

## Procedural History

On August 11, 2016, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Doug Gabbard, II, issued an unfavorable decision on December 4, 2017. Appeals Council, on review, vacated the decision and remanded the case. After a second administrative hearing, Administrative Law Judge Michael Mannes ("ALJ") again issued an unfavorable decision on February 18, 2020. This Court granted the Social Security

---

[2] Although Claimant initially alleged an onset date of February 6, 2015, he subsequently amended his alleged onset date to May 23, 2013. (Tr. 1043).

Administration's unopposed motion to remand the case. While Claimant's appeal of the ALJ's decision to this Court was pending, he protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act on April 17, 2020. The Appeals Council issued an order accompanying this Court's order remanding the case for further proceedings and consolidating the two claims. After another administrative hearing, ALJ Mannes issued an unfavorable decision on April 29, 2022. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in improperly assigning jobs which required a reasoning level above Claimant's assigned RFC and thus improperly determined representative jobs existed in significant numbers in the regional and national economies.

### Step-Five Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar spine degenerative disc disease, status post laminectomy, cervical spine degenerative disc disease, degenerative joint disease

of the bilateral hips, major depressive disorder, generalized anxiety disorder, social anxiety disorder, and substance abuse disorders (drugs and alcohol). (Tr. 1045). The ALJ concluded that Claimant retained the RFC to perform sedentary work. Specifically, the ALJ found that Claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Claimant, however, can never climb ladders, ropes, or scaffolds. The ALJ further opined Claimant can frequently reach, handle, and finger bilaterally. Claimant can understand, remember, and carry out simple and detailed tasks with routine supervision as well as focus for extended periods with routine work breaks. Lastly, Claimant can appropriately interact with supervisors, coworkers, and the general public and respond to changes in a routine work setting as well as avoid hazards. (Tr. 1052).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of food and beverage order clerk, information clerk, and table worker. (Tr. 1069). As a result, the ALJ found Claimant was not under a disability from May 23, 2013, through the date of the decision, April 29, 2022. (Tr. 1070).

Claimant argues that the ALJ erred at step five because two of the three jobs assigned did not align with the assigned RFC. Claimant contends that the requisite reasoning level of the assigned RFC would be, at a maximum, level two therefore Claimant cannot perform the jobs of food and beverage order clerk and information clerk, both requiring level three reasoning. Claimant concedes that he can perform the remaining assigned job of table worker, requiring only

5

reasoning level two. However, Claimant argues that the ALJ nonetheless erred at step five, as the table worker job does not exist in significant numbers in the national economy.

The Tenth Circuit has established that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Rather, an ALJ's finding that the jobs Claimant can do exist in significant numbers is sufficient if the record supports a conclusion that the ALJ used a common-sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." *Johnson v. Colvin*, No. CIV-13-736-W, 2014 WL 4215557, at *3 (W.D. Okla. Aug. 25, 2014). Even considering solely the job of table worker, which Claimant concedes he is able to perform at the assigned RFC, there still exist an excess of 30,000 jobs in the national economy. (Tr. 1110). Given the imprecise nature of this analysis, this Court is unwilling to find that 30,000 represents an insignificant number of jobs according to the VE's testimony. *See Rogers v. Astrue*, No. 08-4138, 2009 WL 368386, at *4 (10th Cir. Feb. 17, 2009)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability); *see also Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla., Sept. 3, 2015) ("The *Rogers* [*v. Astrue*] decision came out the same year as *Raymond*, and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and

6

finds that 32,000 utility tractor jobs in the national economy is significant."). The ALJ could therefore rely upon the job of table worker to find Claimant not disabled at step five. *See Nunn v. Apfel,* 1998 WL 321189, at *2 (10th Cir. 1998) ("Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken," if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled). This Court finds no error in the ALJ's step-five determination.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

**IT IS SO ORDERED** this 13th day of October, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**